UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | May 12, 2016 |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
EVIDENCE OR ARGUMENT CONCERNING PLEA NEGOTIATIONS**

The Government respectfully requests that the Court issue an order precluding the defendant Jesse C. Litvak from introducing evidence or argument concerning plea negotiations, including Litvak's rejection of the Government's plea offers. Although Litvak may argue that rejection of the Government's offer to plead guilty is evidence of an innocent state of mind, the case law shows that the probative value of such evidence is minimal and outweighed by the prejudice and confusion it will create. Fed. R. Evid. 403.

**BACKGROUND**

Based on the defense's conduct in the first trial, the Government anticipates that Litvak may attempt to use his rejection of the Government's plea offers as evidence of his innocent state of mind.

During the first trial the defense argued that Litvak's rejection of the Government's offer to plead guilty is "evidence of a defendant's state of mind." Tr. Transcript at 1551. The defense stated that they wanted to "explore" with the Government's witness the "series of overtures . . . about why Mr. Litvak should cooperate." *Id.* The defense argued that they should "be permitted to develop what happened as proof that Mr. Litvak had nothing to give in terms of incriminating information on others and instead asserted his right to go forward and defend the case. . . . In other words, the prospect of leniency in return for cooperation was rejected" *Id.* The government

objected to this line of questioning. The Court sustained the objection finding the "probative value to be almost nothing." *Id.* at 1920.

After the Second Circuit vacated the judgment of conviction and remanded, the Government again offered Litvak the opportunity to plead guilty. All of Litvak's subsequent plea negotiations with the Government have failed.

## ARGUMENT

The Court should preclude evidence regarding Litvak's unsuccessful plea negotiations with the Government. Such evidence is at most minimally probative of Litvak's state of mind, and is substantially prejudicial insofar as it will confuse and distract the jury from the facts of the alleged conduct.

The Second Circuit has recognized that an offer to plead guilty to reduced charges "lack[s] any probative value." *United States v. Goffer*, 721 F.3d 113, 129 (2d Cir. 2013). In *Goffer*, the defendant argued that trial court erred when it excluded his rejection of a plea bargain, relying on *United States v. Biaggi*, 909 F.2d 662 (2d Cir. 1990), which held that a defendant should have been allowed to introduce his decision to turn down an offer of immunity because it "was probative of his 'consciousness of innocence.'" *Goffer*, 721 F.3d at 129 (quoting *Biaggi*, 909 F.2d at 690). Because the plea offer in *Goffer* left the defendant exposed to collateral consequences, the Court concluded that *Biaggi* was inapplicable. *Goffer*, 721 F.3d at 129. Thus, rather than evincing a "strong belief of his innocence," the rejection of the plea in *Goffer* was merely an "indication that the defendant prefer[red] to take his chances on an acquittal by the jury, rather than accept the certainty of punishment after a guilty plea." *Id.* (quoting *Biaggi*, 909 F.2d at 691).

Furthermore, as the Second Circuit noted, even referring to the fact that the plea offer had been rejected would confuse the jury, and therefore was properly excluded under Rule 403.

*Goffer*, 721 F.3d at 129. While it would mitigate this confusion to inform the jury of the collateral consequences of the plea agreement versus the collateral consequences of being found guilty at trial, admitting such evidence is contrary to the well-established rule that juries should not be permitted to consider the potential penalties faced by a defendant. *See Shannon v. United States*, 512 U.S. 573, 579 (1994). Thus, under any formulation, evidence of Litvak's failed plea negotiations with the Government would be substantially more prejudicial than probative, adding even more complexity to an already complex trial.

## CONCLUSION

The Court should issue an order precluding Litvak from introducing evidence of his unsuccessful plea negotiations with the Government.

>Respectfully submitted,
>
>DEIRDRE M. DALY
>UNITED STATES ATTORNEY
>
>    /s/
>HEATHER L. CHERRY
>ASSISTANT UNITED STATES ATTORNEY
>Federal Bar No. phv07037
>heather.cherry@usdoj.gov
>
>JONATHAN N. FRANCIS
>ASSISTANT UNITED STATES ATTORNEY
>Federal Bar No. phv05083
>jonathan.francis@usdoj.gov
>
>157 Church Street, 25th Floor
>New Haven, CT  06510
>Tel.: (203) 821-3700

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                               /s/
                               HEATHER L. CHERRY
                               ASSISTANT UNITED STATES ATTORNEY