UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | May 12, 2016 |

**GOVERNMENT'S MOTION IN LIMINE TO
PRECLUDE ARGUMENT THAT THE GOVERNMENT FAILED
TO USE CERTAIN INVESTIGATIVE TECHNIQUES**

The Government respectfully requests that the Court issue an order precluding the defendant Jesse C. Litvak from introducing any evidence or argument concerning the Government's investigative techniques, including the timing of victim interviews.

**BACKGROUND**

During Litvak's first trial, defense counsel argued during opening statements that because certain of the Government's witnesses were interviewed after Litvak was indicted, the Government somehow failed to appropriately investigate Litvak's conduct. Tr. Transcript at 131. The Court stated that this argument was "not about the evidence," but was "about government investigative techniques, which are not relevant to the jury." *Id.* at 132. The Court advised defense counsel to "move on because it's not relevant," and remarked that the Court "will instruct the jury on that at the end of the case." *Id.* The defense again raised this argument when cross-examining a victim, asking if the Government first interviewed him "[a]fter the indictment came out," and the Court sustained the Government's objection. *Id.* at 1043. The Government preemptively requests that the Court preclude Litvak from attempting to ask such questions or make this argument, or any argument that the Government failed to use certain investigative techniques, again.

## ARGUMENT

The Court should preclude all evidence or argument concerning the Government's investigative techniques. Juries are routinely and properly instructed that the Government need not use particular investigative techniques to investigate or prove its cases. *See, e.g., United States v. Brand*, 467 F.3d 179, 205-06 (2d Cir. 2006); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000). Furthermore, the Government's techniques used in the investigation and prosecution of crimes are irrelevant to the guilt or innocence of the defendant and therefore should not be considered by the jury. *See Saldarriaga*, 204 F.3d at 52-53 ("[T]he failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged."); *United States v. Sanchez Solis*, 882 F.2d 693, 697 (2d Cir. 1989); *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073-74 (2d Cir. 1977).

While the defense must be permitted to argue that the absence of certain kinds of evidence may support a verdict of not guilty, Litvak should not be permitted to argue or suggest to the jury that the Government's choice of investigative techniques—including which witnesses it interviewed and when—is relevant to their verdict.  Therefore, the Government respectfully requests that the Court preclude any such argument.

- 3 -

## CONCLUSION

The Court should issue an order precluding Litvak from introducing evidence or argument about the Government's investigative techniques.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

   /s/
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov

157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                /s/
      HEATHER L. CHERRY
      ASSISTANT UNITED STATES ATTORNEY