UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | November 28, 2016 |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY ADAM SIEGEL AND MATTHEW KATKE

Defendant Jesse C. Litvak has filed a motion *in limine* to preclude the Government from calling Adam Siegel and Matthew Katke [Dkt. #455, 11/18/16], two former bond traders at RBS Securities who each pled guilty to conspiracy to commit securities fraud and publicly entered into a cooperation agreement with the Government. While Litvak's motion posits that Siegel and Katke could offer inadmissible testimony—primarily by opening the door to "industry practice" evidence of misrepresentations at other broker-dealers (Ruling Re: Motions *In Limine* [Dkt. 432, 6/28/16] at 27-29)—it ignores what the Government stated would be the purpose for the testimony: the Government intends to offer these witnesses in rebuttal only if the defense offers in its own case inaccurate industry evidence bearing on intent or materiality. Moreover, the Government specifically will not introduce evidence during Siegel and Katke's direct examination that they engaged in a conspiracy to carry out the same crime Litvak is alleged to have committed or that they pled guilty to that conspiracy.

As before the first trial in the matter, on October 31, 2016, the Government provided an updated witness list that distinguishes between its "will call" witnesses and those—such as Siegel and Katke—which it "expects it may call…either in its case-in-chief or in its rebuttal case to address claims or arguments that may be made by the defense at trial." Ex. 1 to Def's Mot. at 1, 2. On November 10, upon inquiry by the defense, the Government further clarified that it

...

expects Siegel and Katke to be rebuttal witnesses who could respond if the defense offers evidence of industry practice or custom bearing on intent or materiality. While the Government has no obligation to identify its potential rebuttal witnesses before trial, it thought it prudent to do so for these two cooperators.

Here, the defense has given the Government reason to believe rebuttal evidence may be necessary. For instance, on the issue of materiality, Litvak has offered two experts whose opinions implicitly criticize victims for relying on Litvak's statements of such "unverified" information as the price at which he was buying a bond. This expert testimony attempts to make the market seem less opaque than it is, and makes victims seem careless. If Litvak offers such testimony, the Government would be entitled to put on rebuttal evidence to establish (1) that broker-dealers do not provide documentary verification of their purchase price upon request, and (2) that it is widely-known that it would be difficult, if not impossible, for buy-side firms to contemporaneously "verify" their broker-dealers' purportedly factual statements about acquisition price. Of course, the Government cannot decide exactly what rebuttal evidence to offer until it sees Litvak's defense case, if any, including whether he chooses to testify in his own defense.

As former traders at RBS during the time of Litvak's alleged scheme, Siegel and Katke would be competent to offer rebuttal testimony to establish industry facts, such as the opaqueness of the market and the informational imbalance between broker-dealers and their customers. (Incidentally, reflecting that the market for asset-backed securities is a small world, Siegel and Katke have many acquaintances in common with Litvak.) Siegel traded collateralized loan obligations ("CLOs") at RBS from 2008 until 2011, when he became a supervisor of trading in various asset-backed products, including RMBS; Katke traded CLOs his entire time at RBS.

Like RMBS, CLOs are a type of asset-backed securities; rather than securitizing home mortgages like RMBS (or more specifically, in Litvak's case, payment option adjustable rate mortgage residential mortgages), CLOs are bonds created by securitizing corporate loans.  The underlying collateral may differ, but, for all matters at issue in Litvak's trial, CLO bonds trade just like RMBS bonds.  They both have exactly the same kind of opaque market, are traded on the same desks, by the very same broker-dealers acting as match-makers, under the exact same regulatory and compliance framework, with many of the exact same customers.  Indeed, Siegel and Katke's victims overlap with Litvak's victims.  Just as Litvak has offered experts with experience in various asset-backed products other than RMBS, so too Siegel and Katke's years of experience as traders in the asset-backed securities market makes them competent to offer rebuttal evidence concerning the relevant facts of trading.

To reiterate:  1) at this point, Siegel and Katke are merely potential Government rebuttal witnesses; 2) while Litvak's expert notice is suggestive, the scope of Siegel and Katke's proffered testimony will depend on whether and what evidence Litvak actually offers in any defense case; and 3) if Siegel and Katke testify, the Government will not seek to introduce evidence during direct examination regarding their misrepresentations or crime, or the fact that they accepted responsibility for and pled guilty to the same conduct with which Litvak is charged.[1]  Thus, under no circumstances will any conceivable testimony by Siegel and Katke run afoul of the Court's order excluding evidence of "industry practice" of misrepresentations at other broker-dealers, or lead to irrelevant or unduly prejudicial evidence regarding their admission of guilt for crimes similar to those charged against Litvak.

---

[1] It will be Litvak's decision whether to open that door to attack Siegel and Katke's credibility as cooperators.

## CONCLUSION

For these reasons, the Government respectfully requests that Litvak's motion be denied as not yet ripe, or at least held in abeyance until the Government indicates an intention to put on a rebuttal case.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar. No. ct16012
william.nardini@usdoj.gov
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 28, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                        /s/
                                      JONATHAN N. FRANCIS
                                      ASSISTANT UNITED STATES ATTORNEY