AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

UNITED STATES OF AMERICA

v.

Jesse Litvak

JUDGMENT IN A CRIMINAL CASE

CASE NO. *3:13CR19 (JCH)*
USM NO: *21467-014*

*Jonathan Francis/Heather Cherry*
Assistant United States Attorney

*Dane Butswinkas/C.J. Mahoney*
Defendant's Attorney

**THE DEFENDANT:** found guilty on Count 4 after jury trial.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| Title 15, United States Code, Sections 78(b) and 78ff | Securities Fraud | December 2011 | 4 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The sentence imposed is a variance sentence which reflects the nature and circumstances of the offense and the history and characteristics of the defendant, including his lack of any prior criminal history. The sentence is sufficient, but not greater than necessary to effectuate the purposes of sentencing.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 24 months.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years. Supervision shall be transferred to the Southern District of Florida. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

    1. The defendant shall participate in a program recommended by the Probation Office and approved by the court for inpatient or outpatient substance abuse treatment and testing. The defendant shall pay all or a portion of the costs associated with treatment based on his ability to pay as determined by the Probation Office and approved by the court.

    2. The defendant shall pay a fine in the amount of $2,000,000, payable in a lump sum immediately. If the fine is not paid in full within 30 days, interest shall accrue at the legal T-Bill rate. Any amount that remains unpaid at the commencement of supervised release shall be paid at a rate of no less than 10% of the defendant's net income per month. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

    3. The defendant shall not incur new credit card charges above $500 or open additional lines of credit without the prior permission of the Probation Office until the defendant's criminal debt obligation is paid. The defendant shall not add any new names to any lines of credit, shall not be added as a secondary card holder on another's line of credit, and shall provide the Probation Office with electronic, read-only access to any online management of any lines of credit, including lines of credit for businesses/LLC's that are owned, operated or otherwise associated with the defendant.

    4. The defendant shall not possess ammunition, a firearm or other dangerous weapon.

    5. As directed by the Probation Office, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Office to make such notifications and to confirm the defendant's compliance with such notification requirement.

    6. Until his criminal debt obligation is satisfied, the defendant shall close all other savings/checking accounts, transfer all assets into one main bank account and shall not add any new account holders to that account (the account may include the defendant's spouse if there are joint marital assets/expenses). The defendant shall provide the Probation Officer with electronic "read only" access to any online management of the account. The defendant shall provide the final statement from each account that is closed to ensure that no funds are dissipated during the closing of existing accounts and opening of the single account.

    7. The defendant shall not encumber personal homes or investment properties without express permission of the Court, and shall not transfer, sell, give away, barter, or dissipate in any way any assets, including personal property (ie: motor vehicles, recreational vehicles) without the express permission of the Probation Office.

    8. The defendant shall obtain and maintain full time employment.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | | |
|---|---|---|
| **Special Assessment:** | $100 | to be paid immediately. |
| **Fine:** | $2,000,000 | The defendant shall pay a fine in the amount of $2,000,000, payable in a lump sum immediately. If the fine is not paid in full within 30 days, interest shall accrue at the legal T-Bill rate. Any amount that remains unpaid at the commencement of supervised release shall be paid at a rate of no less than 10% of the defendant's net income per month. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The defendant shall self surrender no sooner than September 11, 2017 and no later than September 22, 2017. In the event the defendant does not receive designation by the Bureau of Prisons by September 22, 2017, the defendant must self surrender to the United States Marshal, at Miami, Florida, by noon on September 22, 2017. The court strongly recommends the defendant be designated to the camp facility in Pensacola, Florida.

4/26/2017
Date of Imposition of Sentence

/S/Janet C. Hall
Janet C. Hall
United States District Judge
Date: 5/2/17

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

(1)   You must not commit another federal, state or local crime.

(2)   You must not unlawfully possess a controlled substance.

(3)   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4)   ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5)   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6)   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. You must follow the instructions of the probation officer related to the conditions of supervision

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____
Defendant                                                                Date

_____   _____
U.S. Probation Officer Designated Witness                Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
Brian Taylor
Acting United States Marshal

By _____
Deputy Marshal